UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Jane Doe** | : | 3:23 CV 503   (XXX) |
| | : | |
| **v.** | : | |
| | : | |
| **City of West Haven** | : | |
| **Savin Rock Communities, Inc.** | : | |
| **Savin Rock, LLC** | : | |
| **Giani Morales** | : | April 21, 2023 |

## COMPLAINT

**COUNT ONE**            **42 U.S.C. Section 1983**

1.  City of West Haven Housing Authority, Savin Rock Communities, Inc. and Savin Rock, LLC provide housing for seniors at a building named Surfside, located on Oak Street in West Haven, and are responsible for the administration and management, including security.

2.  Despite complaints lodged by residents for years about the adequate security at Surfside Apartments, Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC failed to provide adequate security, including deficient locks, creating a situation where the residents were vulnerable.

3.  The security issues were not addressed despite emergency services grants provided to the City of West Haven.

4.  On April 27, 2021, the inadequate security measures resulted in a tragic event.  Twenty-seven-year-old Giani Morales violently attacked the 74-

year-old plaintiff, a tenant at Surfside Apartments.

5. Morales, who was an intruder, with no right or privilege to be inside the building, initially confronted the plaintiff when she was waiting for an elevator on the second floor hallway of Surfside apartments.

6. He initially pushed her and brushed up against her in the hallway of the apartment building.

7. Morales then exposed his erect penis and the plaintiff attempted to retreat to her apartment.

8. As she opened her apartment door Morales slammed her through the door entrance, threw her to the floor, forced his way inside her apartment, and sexually assaulted her.

9. The plaintiff was unable to escape from Morales until she convinced him to open the door to let her dog not the apartment who was in the hallway because his leash was stuck in the door.

10. The plaintiff then exited her apartment grabbed her dog and ran to the lobbying repeatedly yelling to call the police because she was raped.  She was taken to the hospital an suffered an stress induced heart attack.

11. The police found Defendant Morales passed out inside the plaintiff's apartment.

12. Plaintiff brings this action for money damages to redress the deprivation by the Defendants City of West Haven,  Savin Rock Communities, Inc and Savin Rock, LLC  of rights secured to the Plaintiff to be free from the

|     |     |
| --- | --- |
|     | denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut, including property interests and right to plaintiff's bodily safety and integrity. |
| 13. | Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343, and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the Fourteenth Amendments to the United States Constitution, and the laws of the State of Connecticut. |
| 14. | During all times mentioned in this action, Plaintiff Jane Doe, was who and still is a resident of West Haven, Connecticut, was a tenant of Surfside apartments who possessed a lease which obligates the landlord and management to provide a safe condition. |
| 15. | Defendant City of West Haven is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, and the charter and regulations of the City of West Haven. |
| 16. | The City of West Haven Housing Authority is created by statute and is charged with the obligation to provide a safe dwelling for low-income tenants. |
| 17. | Defendant Savin Rock, LLC is a Connecticut domestic limited liability company and is the lessor of the Surfside Apartment building. |
| 18. | Defendant Savin Rock Communities, Inc. is a Connecticut domestic corporation and is a member of Savin Rock, LLC, and the administrator of West Haven Housing programs. |

19. Savin Rock Communities, Inc's purpose is to provide affordable federal housing and its stated focus is on protecting residents.

20. Defendant Giani Morales, during all times mentioned in this action, was a resident of Massachusetts.

21. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC, during all times mentioned in this action, acted under color of law of the United States and State of Connecticut Constitutions and Statutes, and the laws, charter, ordinances, policies, rules, regulations, customs, and usages of the State of Connecticut and the City of West Haven, CT.

22. The defendants had a duty to protect the plaintiff, and failed to do so.

23. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC, knew or should have known that the security at Surfside apartments was inadequate and left the residents vulnerable.

24. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc., and Savin Rock, LLC's conduct constituted a dereliction of duty causing harm to the Plaintiff.

25. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC, have an affirmative duty to protect the personal safety of persons in the Surfside housing complex.

26. The failures of Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC, to perform this duty constitutes a denial of equal protection of the laws, and their conduct demonstrated the reckless disregard for the safety of the residents, including the plaintiff, under all relevant circumstances.

27. As a result of the conduct of Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC, the Plaintiff experienced extreme pain and suffering.

28. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc., and Savin Rock, LLC's actions were unjustified and unlawful.

29. The Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC Defendants should have known that physical injuries and emotional distress were the likely result of their conduct.

30. As a consequence of the Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC actions, the Plaintiff suffered, and continues to suffer significant physical pain and emotional pain , including but not limited to anxiety, PTSD, emotional distress, loss of time from personal pursuits, injuries to her limbs, and has had difficulty walking.

31. In the manner described above, the Plaintiff's injuries were the direct

and proximate result of the Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC's negligence.

32. As a direct and proximate result of the actions of Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC Defendants, as described herein, the Plaintiff suffered physical injury and severe emotional distress.

33. The Plaintiff's distress was foreseeable, and severe enough to cause bodily harm and emotional distress.

34. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc, and Savin Rock, LLC's actions disregarded the apparent and imminent harm to the Plaintiff, and their conduct was likely to result in harm.

35. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC 's reckless and wanton misconduct was the proximate cause of the Plaintiff's injuries.

36. Defendant Morales' excessive, brutal, malicious and unlawful conduct resulted in extensive bruising, severe physical pain and emotional distress to the Plaintiff.

37. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC knew or should have known that their failure to act, would result in harm to the Plaintiff.

38. Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC's failures were so grossly negligent as to constitute deliberate indifference.

39. As a result of the conduct of the Defendants, the Plaintiff sustained damages.

**Count Two:**    **Negligent Infliction of Emotional Distress**

1-37. Paragraphs one through thirty-seven are hereby incorporated as paragraphs one through thirty-seven of Count Two.

38. The Defendants' conduct created an unreasonable risk of causing severe emotional distress.

39. In the manner described above, the injuries to Plaintiff were the direct and proximate result of the negligent actions of the Defendants.

40. The actions of the Defendants constituted negligent infliction of emotional distress upon Plaintiff.

41. The Defendants knew or should have known that emotional distress was the likely result of such conduct.

42. In the manner described above, the injuries to the Plaintiff were the direct and proximate result of the negligent actions of the Defendants.

43. As a result of the conduct of Defendants, the Plaintiff sustained injuries and damages.

**Count Three        Assault**

| | |
|---|---|
| 1-37. | Paragraphs one through thirty-seven of Count Two are hereby incorporated as paragraphs one through thirty-seven of Count Three. |
| 38. | Defendant Morales intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act. |
| 39. | As a result of the conduct of Defendants, the Plaintiff sustained injuries and damages. |

**Count Four        Battery**

| | |
|---|---|
| 1-37. | Paragraphs one through thirty-seven of Count Two are hereby incorporated as paragraphs one through thirty-seven of Count Four. |
| 38. | Defendant Morales intended to cause harmful or offensive contact with the Plaintiff and harmful or offensive contact directly resulted. |
| 39. | As a result of the conduct of Defendants, the Plaintiff sustained injuries and damages. |

**Count Five        Negligence**

| | |
|---|---|
| 1-37. | Paragraphs one through thirty-seven of Count One are hereby incorporated as paragraphs one through thirty-seven of Count Five. |
| 38. | Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC's had a legal duty to protect the Plaintiff and breached that duty. |
| 39. | As a result of the negligent conduct of Defendants City of West Haven Housing Authority, Savin Rock Communities, Inc and Savin Rock, LLC the Plaintiff sustained injury and damages. |

Plaintiff, Jane Doe

By Her Attorney

*/s/  Robert Berke*

_____
Robert M. Berke
Law Office of Robert Berke, LLC
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

## **JURY DEMAND**

The plaintiff requests a trial by jury.

        Plaintiff

        By Her Attorney

        */s/*   *Robert Berke*
        _____
        Robert M. Berke
        640 Clinton Avenue
        Bridgeport, CT 06606
        203 332-6000
        203 332-0661 fax
        Bar No. 22117
        robertberke@optonline.net

Wherefore, the plaintiff claims:

    a) Compensatory damages;

    b) Punitive damages;

    c) Attorney's fees;

    e) Such other relief as deemed fair and equitable.

By Her Attorney

*/s/   Robert Berke*
_____
Robert M. Berke
640 Clinton Avenue
Bridgeport,  CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net