UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Jane Doe** | : | **3:23 CV 503   (XXX)** |
| | : | |
| **v.** | : | |
| | : | |
| **City of West Haven** | : | |
| **Savin Rock Communities, Inc.** | : | |
| **Savin Rock, LLC** | : | |
| **Giani Morales** | : | **April 21, 2023** |

### **Plaintiff's Exparte Motion to Seal the Complaint**

The plaintiff, pursuant to Local Rule 5 (e), respectfully requests that the court enter an ex-parte order to seal the un-redacted complaint listing the name of the plaintiff. An un-redacted version of the complaint is attached to this motion, and a redacted version is being publicly filed with the clerk of the court.

Although Rule 10 of the Connecticut Rules of Civil Procedure and FRCP requires every pleading to name all the parties, there are exceptions which permit victims of sexual abuse to proceed anonymously. John Doe No. 2 v. Kolko, 242 F.R.D. 193 (2006) (minor sexual assault victim permitted to proceed anonymously.); Doe v. Blue Cross and Blue Shield, United of Wis., 112 F.3d 869, 872 (7th Cir. 1997). The most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity. Doe v. Diocese Corp., 43 Conn. Supp. 152, 159, 647 A.2d 1067, 1071 (Super. Ct. 1994). Due to the nature of the allegations against the defendants, who are public officials, the plaintiff asserts that

she has a compelling interest in protecting her identity due to the potential social stigmatization if her name is not kept confidential.

Furthermore, in determining whether to allow a party to proceed anonymously courts have considered whether the plaintiff is challenging governmental activity or an individual's actions, whether the action requires disclosure of information of the utmost intimacy, whether identification would put the plaintiff at risk of suffering or mental injury, whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and weighing the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. John Doe No. 2, 242 F.R.D. at 195. (citations omitted).

The complaint in the above captioned matter entails the sexual assault of the plaintiff and resulting emotional trauma. The plaintiff in this matter contends that if she is unable to use a pseudonym, she too will be at risk of suffering emotional trauma. Moreover, the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved. Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001).

The plaintiff asserts that the privacy of a victim of sexual abuse overrides the public's interest in identifying the plaintiff. The Crime Victims' Rights Act, 18 U.S.C. Section 3771(8), supports the plaintiff's utilization of a pseudonym, as victims of crime have the right to be treated with fairness and with respect for their dignity and privacy.

Additionally, the presumption that the identities of parties to a case are public information can be rebutted by showing that harm to the plaintiff exceeds the likely harm from concealment. Plaintiff asserts that the harm she'll suffer exceeds the harm from concealment due to the private and intimate nature of this case. Further, the defendants would not be prejudiced by the plaintiff's use of a pseudonym in publicly filed documents as the plaintiff will agree to provide their full name in a privately filed document.

Finally, Connecticut General Statutes Section 54-86e, *Confidentiality of identifying information pertaining to victim of sexual assault*, provides that the name and address of a victim of sexual assault is confidential to the public, absent an order of the court.

Wherefore, the plaintiff respectfully requests that the court grant this request to seal the unredacted complaint listing the actual name of the plaintiff.

FOR THE PLAINTIFF

/s/ Robert Berke

                                          _____
Robert Berke
640 Clinton Avenue
Bridgeport, CT  06605
Tel:  (203) 332-6000
Fax:  (203) 332-0661
Federal Bar # CT 22117

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ Robert Berke

          Robert Berke